IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BAD HOLDINGS, LLC,

                Plaintiff,

  v.

HALLIBURTON ENERGY SERVICES, INC.,

                Defendant.

OPINION AND ORDER

21-cv-427-wmc

---

Plaintiff BAD Holdings, LLC, claims that defendant Halliburton Energy Services, Inc. owes storage fees for railcars owned by Halliburton and currently stored on BAD Holdings' property. (Compl. (dkt. #1).) Accordingly, BAD Holdings asserts various state law causes of action against Halliburton, while invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1) in filing in federal court. (*Id.* at ¶ 7.) Although the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, BAD Holdings will be given an opportunity to file an amended complaint containing the necessary allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th

1

Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff alleges in its complaint that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. But for the latter to be true, there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Since "the citizenship of an LLC is the citizenship of each of its members," plaintiff has not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, plaintiff's complaint lacks *any* allegations regarding the names or the citizenship of its members.

Instead, plaintiff alleges it is a "Mississippi limited liability company with its principal place of business located at 95 Pleasant Hill Road, Nesbit, Mississippi 38651." (Compl. ¶ 1.) The Seventh Circuit instructs, however, that this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009). Still, before dismissing this action for lack of subject matter jurisdiction, BAD Holdings will be given leave to file within 14 days an amended complaint which establishes subject matter jurisdiction by alleging the names and citizenship of each member of its LLC. In alleging the LLC's citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability

company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1) plaintiff shall have until July 21, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 7th day of July, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge