IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BAD HOLDINGS, LLC,

|  |  |  |
|---|---|---|
| | Plaintiff, | OPINION AND ORDER |
| v. | | |
| | | 21-cv-427-wmc |
| HALLIBURTON ENERGY SERVICES, INC. | | |
| | Defendant. | |

Plaintiff BAD Holdings, LLC ("BAD Holdings") brought suit against defendant Halliburton Energy Services, Inc. ("Halliburton") claiming that Halliburton left its train cars on BAD Holdings' property without paying storage fees. Halliburton then brought a counterclaim against BAD Holdings for replevin and conversion. Now before the court are several motions that must be addressed in advance of the Final Pretrial Conference ("FPTC").

OPINION

## I. Motions in Limine for Plaintiff

### A. TO EXCLUDE EVIDENCE THAT HALLIBURTON HAD THE CONSENT OF BAD HOLDINGS FOR ITS RAILCARS TO BE ON THE PROPERTY

Plaintiff's first motion in limine asks to exclude any evidence that Halliburton had consent to be on BAD's property. (Pl.'s Mot. (dkt. #62) 2.) Under Wisconsin law, consent is a defense to trespass and "it is the burden of a defendant asserting consent to plead and prove it." *Manor Enterprises, Inc. v. Vivid, Inc.*, 228 Wis. 2d 382, 392, 596 N.W.2d 828, 832–33 (Ct. App. 1999). According to the 7th Circuit, "a defense not listed in Rule 8(c) is an affirmative defense that must be pleaded if the defendant bears the burden of proof on

the issue under state law," which appears to be the case with consent. *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 478 (7th Cir. 2019). BAD thus argues that Halliburton is barred from introducing evidence of consent as it did not plead consent as an affirmative defense. In response, defendant argues that lack of consent is merely an element of trespass and, even if it were an affirmative defense, is not barred by Fed. R. Civ. Pro. 8(c). (Def.'s Opp'n. (dkt. #88) 4.) While Wisconsin has not explicitly labeled consent an affirmative defense to trespass, caselaw suggests that it is. *Reed*, 915 F.3d at 478. A defendant may be prevented from raising a defense if it wasn't pled; however, "the failure to plead an affirmative defense in the answer works a forfeiture 'only if the plaintiff is harmed by the defendant's delay in asserting it.'" *Id*. (quoting *Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 436 (7th Cir. 2014)). BAD did not provide evidence or argument that it was unfairly surprised by the introduction of the consent defense and its own complaint raised the question of consent, presumably putting BAD on notice. Barring further evidence, the motion is DENIED. BAD may present evidence of unfair surprise at the FPTC if it wishes.

## B. TO EXCLUDE EVIDENCE OF COMMUNICATIONS BETWEEN COUNSEL FOR THE PARTIES

Plaintiff asks to bar evidence of any communications between counsel as they fall under Fed. R. Evid. 408. Halliburton opposes, arguing that "[t]he communications between Atty. Hightower and Atty. Carruth on this issue were not about settling the claim. Those communications amount to facts that have given rise to these claims in the first instance." (Def.'s Opp'n. (dkt. #89) 3.) Specifically, it was BAD's refusal to waive storage fees, communicated through counsel, which support Halliburton's counterclaims.

Ultimately, the court will not bar the entire class of communications between the parties' counsel, as that is overbroad.  Instead, if plaintiff has specific exhibits that it can argue are barred by Rule 408, it should be prepared to present those arguments at the FPTC when discussing exhibits.  Of course, there may also be ethical bars to either counsel testifying at trial.  *See* Wis. SCR 20:3.7 (addressing attorney's ability to act as a witness in a matter in which she is also an advocate).  The motion is DENIED.

## C.  TO EXCLUDE EVIDENCE OF OTHER LAWSUITS FILED AGAINST BAD HOLDINGS AND ITS REPRESENTATIVES

Plaintiff asks to bar evidence of other suits filed against BAD and its representatives, as such evidence is irrelevant and prejudicial.  Halliburton instead argues that it may use the documents in cross-examination, and the court should reserve its ruling until Halliburton seeks to use the evidence.  (Def.'s Opp'n. (dkt. #90) 4.)  "As a general matter, evidence regarding the existence of other lawsuits or claims against a party is not admissible." *Johnson v. C.R. Bard Inc.*, No. 19-CV-760-WMC, 2021 WL 2070448, at *4 (W.D. Wis. May 24, 2021).  Given that the other lawsuits allege that the principals of BAD were appropriating resources from another company, the suits have little to do with this case.  Even though Halliburton argues the documents may be used to impeach Mark Duke and Andy Broadhead, the principals of BAD, the court is skeptical that the other lawsuits "are probative of the character for truthfulness or untruthfulness." Fed. R. Evid. 608.  Absent plaintiff somehow opening the door to cross-examination, this motion is GRANTED.  However, the court will discuss what, if anything, would constitute such an opening at the FPTC.

**D. Motion in Limine for Defendant**

Defendant's only motion in limine asks to exclude any evidence of plaintiff's prospective contracts or customers not disclosed in discovery. (Def.'s Mot. (dkt. #73) 1.) Specifically, Halliburton argues that BAD did not provide any evidence of prospective contracts during discovery. However, in its opposition, BAD pointed to some disclosed evidence, though scant. (Pl.'s Opp'n (dkt. #77) 2-3.) To the extent BAD disclosed the evidence it wishes to produce, it may be introduced at trial. At that point, the jury may decide whether such evidence is sufficient or compelling. However, neither party will be allowed to introduce evidence not disclosed through discovery. To that extent, therefore, the motion is GRANTED IN PART AND DENIED IN PART.

## ORDER

IT IS ORDERED that:

1) Plaintiff's motions in limine 1 and 2 (dkt. #62) are DENIED,

2) Plaintiff's motion in limine 3 (dkt. #62) is GRANTED; and

3) Defendant's motion in limine 1 (dkt. #73) is GRANTED IN PART AND DENIED IN PART.

Entered this 1st day of November, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge