IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BAD HOLDINGS, LLC,

                Plaintiff,          PERMANENT INJUNCTION

v.

                                         21-cv-427-wmc

HALLIBURTON ENERGY
SERVICES, INC.,

                Defendants.

Consistent with the jury's verdict in this matter on November 18, 2022 (dkt. #111), and the parties' subsequent joint agreement, IT IS ORDERED THAT that BAD Holdings' request for injunctive relief is GRANTED and Halliburton's request for injunctive relief is DENIED as set forth below:

    1.    BAD Holdings shall make available for removal and Halliburton shall remove Halliburton's eighty-five (85) railcars from the property at Halliburton's expense as soon as reasonably practicable, but not later than sixty (60) days of the date of entry of this Order.

    2.    Halliburton's expenses to remove the railcars shall include paying BAD Holdings all reasonable and necessary fees for switching and cherry-picking of the railcars in order to get them in a position for pick-up by the short-line railroad from BAD Holdings' property. Said fees shall not exceed $450 per railcar for cherry-picking and $350 per railcar for switching and shall be necessary and reasonable to position the railcars for pick-up. These switching and cherry-picking fees shall be billed in one itemized invoice to Halliburton and payable to BAD Holdings within thirty (30) days of the date of receipt of

the invoice.

3. Halliburton shall be responsible for any and all costs, including but not limited to freight costs and sand removal costs, which may be associated with transporting the railcars from BAD Holdings' property to the location of Halliburton's choice. Halliburton shall bear any risk of loss during transportation of the railcars from BAD Holdings' property.

4. Halliburton shall pay BAD Holdings a storage rate of $5.00 per railcar per day until the railcars are removed from BAD Holdings' property. These storage rates shall continue to accrue from the date of the jury's verdict (November 18, 2022) until the cars are removed, and shall be billed in one itemized invoice to Halliburton and payable to BAD Holdings within thirty (30) days of receipt of the invoice.

5. Both parties shall engage in mutual good faith efforts to accomplish the timely removal of the railcars pursuant to Paragraph 1. In the event either party reasonably anticipates being unable to comply with Paragraph 1 of this Order for reasons beyond the control of said party (i.e. rail labor union strikes, inclement weather, equipment issues, etc.), the parties are to first meet and confer to attempt to reach a resolution on any proposed modification of this Order which shall then be submitted to the court for consideration along with a brief joint explanation for the reasons therefore. In the event the parties are unable to agree to such a proposed modification, each party shall each submit their proposed modification to the court stating the reasons therefore.

Entered this 28th day of November, 2022.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge